United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY NORSWORTHY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-22-821 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Mary Norsworthy is a senior customer service representative for the Houston Independent School District. (Docket Entry No. 1-1 at ¶ 7). In April 2019, after she filed a grievance, she was written up. She alleges that the write up was unjustified and done for the purpose of "padding" her file. (*Id.* at ¶¶ 11-12).

Norsworthy alleges that she applied for nearly two dozen positions in the District from October 2019 to October 2021, without success, and that the District instead hired new employees to fill those positions. She alleges that the refusal to hire her was based on discrimination against her age and sex and in retaliation for her prior complaints. (*Id.* at ¶¶ 19, 21–23, 26).

Norsworthy also alleges that she observed illegal time-keeping practices for remote work during the COVID pandemic. (*Id.* at ¶¶ 9–10). She discovered that her time was billed as four ten-hour days, instead of the five eight-hour days that she says she worked. (*Id.* at ¶¶ 27–30). She contracted COVID-19 twice and alleges that the second time was due to inadequate workplace management practices. (*Id.* at ¶ 31).

Norsworthy seeks between $200,000 and $5,000,000 in damages for retaliation and age and gender discrimination under the Texas Commission on Human Rights Act and for retaliation under the Family and Medical Leave Act. (*Id.* at 10–12). The District has moved to dismiss, Norsworthy has responded, and the District has replied. (Docket Entry Nos. 2, 10, 11).

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants the District's motion to dismiss. Norsworthy's claims are dismissed, without prejudice and with leave to amend. Norsworthy may file an amended complaint no later than **June 20, 2022**. The initial pretrial conference is rescheduled for **July 22, 2022**, at 10:45 a.m. C.D.T. by video. A zoom link will be separately sent.

The reasons are explained below.

I.   **Background**

Norsworthy's complaint is unclear. But because the District has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), this court accepts as true the complaint's well-pleaded factual allegations. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). The complaint allegations are summarized below.

Norsworthy has served as a senior customer service representative for the Houston Independent School District since 2012, aside from a temporary layoff between May 2018 and October 2018. (Docket Entry No. 1-1 at ¶ 7). In March 2019, Norsworthy filed a grievance and requested a risk-management assessment of her workstation, which was granted. Norsworthy was reprimanded, allegedly "because she filed a grievance without consulting with management and obtaining permission to do so." (*Id.* at ¶ 11). Norsworthy alleges that a month later, a team leader for the Security Maintenance Department, Jerry Claybon, "fraudulently" wrote her up, which Norsworthy's management team then used to "pad" her file. (*Id.* at ¶ 12). Norsworthy repeatedly

asked for a "status report," after which her management team "amended, changed, and retracted" her write-ups. (*Id.*)

In October 2019, Norsworthy applied for a quality control position with another team lead, Denise Betancourt. A new hire was selected instead of Norsworthy. When she asked why, Betancourt responded that it was not within her control. Betancourt also told Norsworthy that she was putting in her two weeks' notice because of a hostile work environment. (*Id.* at ¶¶ 18–22). Norsworthy applied for three other open positions but was "continuously overlooked" despite her seniority and experience. (*Id.* at ¶ 23). In November 2019, Norsworthy was removed from her work duties as a dispatcher. (*Id.* at ¶ 24). Norsworthy does not describe what those duties were, what Norsworthy did instead, or if she suffered a reduction in pay.

During the COVID-19 pandemic, Norsworthy alleges that the Customer Care Center illegally coded the time she submitted for working from home as compensatory vacation time, while "cover[ing] up the over-taking of vacation of employees that were not of African descent." (*Id.* at ¶¶ 9–10). She alleges that she audited her time and found that although her schedule consisted of working five eight-hour workdays, she was paid for four ten-hour workdays. She alleges that she requested overtime pay but has not received it. (*Id.* at ¶¶ 27–29). She also alleges that she was "unpaid for COVID-19 for 9 days in August 2021." (*Id.* at ¶ 30).

Norsworthy filed a grievance "regarding these instances" but Human Resources has failed to address or remedy "the situation." She also alleges that she has experienced "various forms of retaliation, harassment, taunting, and badgering from members of the management team" from March 2020 to May 2021 for speaking out. (*Id.* at ¶¶ 14–15, 17, 25). She alleges that the District hired 19 new people from June 2021 to October 2021 for positions she was interested in, without

giving Newsworthy an interview, because of discrimination against her age and gender, and in retaliation for her complaints. (*Id.* at ¶ 26).

In April 2021, Norsworthy had several incidents of high blood pressure that required hospital evaluations. (*Id.* at ¶ 16). She blames those incidents on workplace stress. She also blames the workplace for the fact that she contracted COVID-19 for a second time in January 2022, due to the District's failure to implement safety protocols. (*Id.* at ¶ 31).

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the

4

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.  Analysis

#### A.  The Retaliation Claim Under the Texas Commission on Human Rights Act

Under the Texas Commission on Human Rights Act, "[a]n employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." TEX. LAB. CODE § 21.055.  To plead a retaliation claim under the Act, a plaintiff must allege facts that show that "(1) [she] participated in an activity protected under [the Act]; (2) an adverse employment action occurred[;] and (3) there exists a causal link between the protected activity and the adverse action." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017) (quoting *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015)).  Texas courts use analogous federal statutes and cases to interpret the Texas Commission on Human Rights Act. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012).

A materially adverse action for a retaliation claim is "not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*,

5

548 U.S. 53, 64 (2006). Rather, an action is "materially adverse" if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (citation and internal quotation marks omitted). Retaliation claims require "but for" causation, "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Norsworthy argues that she has alleged a protected activity. She points to the following allegations:

- Norsworthy "filed her first grievance regarding the matter of a Risk Management Assessment of her workstation in March 2019. Plaintiff's assessment was granted. Plaintiff was later reprimanded because she filed a grievance without consulting with management and obtaining permission to do so," (Docket Entry No. 1-1 at ¶ 11);

- Norsworthy "has been subjected to various forms of retaliation, harassment, taunting, and badgering from members of the management team. . . . [Norsworthy] filed a grievance regarding these instances, HR failed to address or remedy the situation," (*Id.* at ¶¶ 13, 14); and

- "[o]n or around March 2020 throughout May 2021, [Norsworthy] continues to be retaliated against, harassed, and bullied for speaking out about the wrongdoing in the department. Plaintiff has filed complaints and grievances for different instances in the EEO department to no resolution," (*Id.* at ¶ 25).

Norsworthy further argues that she has pleaded an adverse employment action because she alleged facts listing multiple occasions that she was overlooked for promotion opportunities. (Docket Entry No. 10 at 4). The positions included a quality control position in October 2019, three other unidentified positions applied for at an unspecified time, and 19 unidentified positions from June 2021 through October 2021. (Docket Entry No. 1-1 at ¶¶ 18, 23, 26, 36, 38).

Even assuming that Norsworthy has alleged a protected activity and an adverse employment action, the District argues that Norsworthy has not alleged facts supporting an inference that there is a causal link between Norsworthy's filed grievances and the District's "failure to promote" her to other positions. The District is correct. Norsworthy has not alleged

any facts that reasonably connect the filing of her workstation grievance in March 2019 with the denial of her application to a quality control position in October 2019. Nor has she alleged facts that would link the undated, unspecified, other grievances to the other, unspecified positions that she allegedly applied for and was rejected from. *See Godeau v Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 478–79 (5th Cir. 2015) (the plaintiff did not demonstrate a causal connection between a protected activity and an adverse employment action because there was no evidence that the person who fired the plaintiff knew of the report that the plaintiff had filed with Human Resources).

Norsworthy argues that she does not have to plead every element of her *prima facie* case if she has "give[n] the defendant fair notice of what [her] claim is and the grounds upon which it rests." (See Docket Entry No. 10 at 4 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). Norsworthy is quoting the obsolete pre-*Twombly* pleading standard. The Fifth Circuit has made clear since *Twombly* that a plaintiff pleading an employment discrimination claim must allege facts supporting each element of her *prima facie* case. *See Davis v. Texas Health and Human Servs. Comm'n*, 761 Fed. Appx. 451, 454 (5th Cir. Mar. 21, 2019) ("While at this juncture, a plaintiff need not submit evidence to establish the prima facie case for discrimination, she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." (citation omitted)).

Pleading two out of three elements is insufficient. Norsworthy's complaint falls short of the standard required to survive the motion to dismiss her retaliation claim under the Texas Commission on Human Rights Act. The claim is dismissed, without prejudice and with leave to amend.

B.     **The Age and Gender Discrimination Claims Under the Texas Commission on Human Rights Act**

Norsworthy alleges that she is over 40 and that she was discriminated against on the basis of her age and gender in the following ways:

> 41. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's age (over 40) in violation of Section 21.051 of the Texas Labor Code.
>
> 42. Defendant discriminated against Plaintiff in the form of differential treatment with regard to employment, including continuing her employment in the form of a hostile and toxic work environment.

(Docket Entry No. 1-1).

Norsworthy does not allege facts supporting a gender discrimination claim. "To establish a prima facie case of [age] discrimination under the [Texas Commission on Human Rights Act], the plaintiff must establish that 'she (1) was a member of the protected class [forty years of age or older]; (2) was qualified for the position at issue; (3) suffered a final, adverse employment action; and (4) was either (a) replaced by someone [significantly younger] or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class.'" *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321–23 (5th Cir. 2021) (citing *Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020)).

Norsworthy does not allege facts showing that she was qualified for the promotions at issue, or that she specifically applied, or the ages or gender of the persons who did receive the promotions. The age and gender discrimination claims are dismissed, without prejudice and with leave to amend.

### C. The Retaliation Claim Under the Family and Medical Leave Act

Norsworthy adds allegations at the end of her complaint that the District retaliated against her, in violation of the Family and Medical Leave Act, 29 U.S.C § 2601 *et seq*. These allegations are that:

> 44. [Norsworthy] engaged in protected activity when she participated in the FMLA process of another employee to vindicate her FMLA rights.
>
> 45. [The District] intentionally engaged in unlawful employment practices against [Norsworthy] on the basis of his [*sic*] participation in FMLA process in violation of Section 29 U.S.C. § 2601 et seq.,
>
> 46. [The District] discriminated and retaliated against [Norsworthy] in connection with her request for FMLA leave. Management relayed to [Norsworthy] that her FMLA time would be counted against her, [Norsworthy] received disparate treatment from [The District].

(Docket Entry No. 1-1). These are conclusory. Missing are allegations as to how Norsworthy "participated in the FMLA process of another employee to vindicate her FMLA rights," what "FMLA Rights" Norsworthy was trying to vindicate or on whose behalf, and how Norsworthy tried to do so. She does not allege any information about the FMLA leave that she sought for herself, how or by whom it was "counted against her," what retaliatory or discriminatory action resulted, or who retaliated or discriminated against her. Norsworthy has fallen fall short of her burden to plead allegations that could state the *prima facie* elements of a retaliation claim under the Family and Medical Leave Act. She has failed to plead factual allegations showing that she engaged in a protected activity, that an employer took a materially adverse action against her, and that a causal link exists between the two. *See Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016); *see also Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019)).

9

Norsworthy's Family and Medical Leave Act claim is dismissed, without prejudice and with leave to amend.

## IV. Conclusion

The District's motion to dismiss, (Docket Entry No. 2), is granted. Norsworthy's claims are dismissed, without prejudice and with leave to amend. Norsworthy may file an amended complaint no later than **June 20, 2022**. The initial pretrial conference is rescheduled for **July 22, 2022**, at 10:45 a.m. C.D.T. by video. A zoom link will be separately sent.

SIGNED on May 20, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge