United States District Court
Southern District of Texas
**ENTERED**
August 02, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY NORSWORTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-821 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In May 2022, the court dismissed Mary Norsworthy's complaint against the Houston Independent School District for failing to allege plausible claims for retaliation, age, and gender discrimination under the Texas Commission on Human Rights Act, and for retaliation under the Family and Medical Leave Act. (Docket Entry No. 13). The dismissal was without prejudice and with leave to file an amended complaint. (*Id.*). Norsworthy has filed an amended complaint, this time asserting retaliation under Title VII, the Age Discrimination in Employment Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act, and age discrimination under the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. (Docket Entry No. 15). The District has again moved to dismiss, Norsworthy responded, and the District replied. (Docket Entry Nos. 16, 19, 20).

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants the District's motion to dismiss. Because the court has already granted Norsworthy leave to amend her complaint, and her amended complaint failed to cure the identified deficiencies,

the dismissal is with prejudice. Further leave to amend would be futile. Final judgment is entered by separate order.

The reasons are explained below.

I. **Background**

Because the District has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), this court accepts as true the complaint's well-pleaded factual allegations. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). The allegations in Norsworthy's first amended complaint are largely unchanged from her original petition.

Norsworthy has served as a senior customer service representative for the District since 2012, aside from a temporary layoff between May 2018 and October 2018. (Docket Entry No. 15 at ¶ 7). In March 2019, Norsworthy filed a grievance and requested a risk-management assessment of her workstation, which was granted. Norsworthy was reprimanded, allegedly "because she filed a grievance without consulting with management and obtaining permission to do so." (*Id.* at ¶ 11). Norsworthy alleges that a month later, in April 2019, a team leader for the Security Maintenance Department, Jerry Claybon, "fraudulently" wrote her up, which Norsworthy's management team then used to "pad" her file. (*Id.* at ¶ 12). Norsworthy repeatedly asked for a "status report," after which her management team "amended, changed, and retracted" her write-ups. (*Id.*)

Norsworthy adds an allegation that when she filed a grievance about the April 2019 incident, "Human Resources did not investigate Plaintiff's claims, in spite of the many requests for the status of her filed grievances and complaints. This started to create a hostile working environment." (*Id.* at ¶ 15). She also adds an allegation that due to the hostile working environment, she experienced high blood pressure on or around April 2019 that "resulted in being

rushed to the hospital for medical evaluation on several occasions." (*Id.* at ¶ 16). When she returned to work in May 2019, "management kept bullying, harassing, and taunting her in an attempt to force her to quit as they succeeded with two (2) elderly employees." (*Id.* at ¶ 17).

In October 2019, Norsworthy applied for a quality control position with another team lead, Denise Betancourt. A new hire was selected instead of Norsworthy. When she asked why she was not selected for the position, Betancourt responded that it was not within her control. Betancourt also told Norsworthy that she was putting in her two weeks' notice because of a hostile work environment. (*Id.* at ¶¶ 18–22). Norsworthy applied for three other open positions, but she was "continuously overlooked" despite her seniority and experience. (*Id.* at ¶ 23). In November 2019, Norsworthy was removed from her work duties as a dispatcher. (*Id.* at ¶ 24). Norsworthy does not describe what those duties were, what Norsworthy did instead, or whether her pay was reduced.

Norsworthy alleges that during the COVID-19 pandemic, the Customer Care Center illegally coded the time she submitted for working from home as compensatory vacation time, while "cover[ing] up the over-taking of vacation of employees that were not of African descent." (*Id.* at ¶¶ 9–10). She alleges that she audited her time and found that although her schedule consisted of working five eight-hour workdays, she was paid for four ten-hour workdays. She alleges that she requested overtime pay but did not receive it. (*Id.* at ¶¶ 27–29). She also alleges that she was "unpaid for COVID-19 for 9 days in August 2021." (*Id.* at ¶ 30).

Norsworthy alleges that she has experienced "various forms of retaliation, harassment, taunting, and badgering from members of the management team" from March 2020 to May 2021 for speaking out. (*Id.* at ¶ 25). She alleges that the District hired 19 new people from June 2021 to October 2021 for positions she was interested in, without giving Norsworthy an interview,

because of discrimination based on her age and in retaliation for her complaints.  (*Id.* at ¶ 26). Norsworthy also blames her second bout of COVID in January 2022 on the District's failure to implement adequate COVID protocols.  (*Id.* at ¶ 31).

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.   Analysis

#### A.   The Retaliation Claim Under Title VII, the Age Discrimination in Employment Act, and the Texas Commission on Human Rights Act

Under the Texas Commission on Human Rights Act, "[a]n employer . . . commits an unlawful employment practice if the employer . . . retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." TEX. LAB. CODE § 21.055. To plead a retaliation claim under the Act, a plaintiff must allege facts that show that "(1) [she] participated in an activity protected under [the Act]; (2) an adverse employment action occurred[;] and (3) there exists a causal link between the protected activity and the adverse action." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017) (quoting *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015)). Texas courts use analogous federal statutes and cases to interpret the Texas Commission on Human Rights Act. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). The analysis of retaliation under the Texas Commission on Human Rights Act is substantially similar to the analysis under Title VII and the Age Discrimination in Employment Act. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015) (stating the three elements required for retaliation claim brought under Title VII); *Wooten v. McDonald Transit*

5

*Assocs.*, 788 F.3d 490, 496–97 (5th Cir. 2015) (stating the three elements required for retaliation claim brought under the Age Discrimination in Employment Act).

A materially adverse action for a retaliation claim is "not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Rather, an action is "materially adverse" if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (citation and internal quotation marks omitted).

In the May 2022 opinion on the motion to dismiss, the court ruled that Norsworthy had not alleged facts supporting a claim for retaliation. Even assuming that Norsworthy engaged in protected activity by filing grievances with Human Resources in March or April 2019, or by later filing charges with the Equal Employment Opportunity Commission in March 2020, she did not allege facts that could show a causal link between those activities and her failure to receive a quality control position in October 2019, three other unidentified positions applied for on unspecified dates, and 19 unidentified positions from June 2021 through October 2021. (Docket Entry No. 15 at ¶¶ 18, 23, 26, 36, 38). Not only were these applications removed in time, but Norsworthy failed to allege facts showing that the various and different supervisors or managers responsible for hiring decisions knew of Norsworthy's grievances filed with Human Resources. *See Stewart v. RSC Equip. Rental, Inc.*, 485 F. App'x 649, 653–54 (5th Cir. 2012) (per curiam) (a protected activity that occurred seven months prior to termination was too remote in time to serve as an indicator of a causal nexus); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 478–79 (5th Cir. 2015) (the plaintiff did not show a causal connection between a protected activity and an adverse employment action because there was no evidence that the person who fired the plaintiff knew of the report that the plaintiff had filed with Human Resources).

Norsworthy also alleges that she also experienced materially adverse "excessive discipline." This allegation also fails to state a claim. Norsworthy does not allege what the "excessive discipline" was, when it occurred, what it responded to, or whether the supervisor imposing the discipline knew of her protected activity.

Norsworthy has not added any allegations that cure the previously identified deficiencies. Instead, Norsworthy continues to make the unpersuasive argument that her complaint need only provide the defendant with "fair notice," and that she does not have to plead factual allegations that could support a *prima facie* case under the *McDonnell* framework. *See Davis v. Texas Health and Human Servs. Comm'n*, 761 Fed. Appx. 451, 454 (5th Cir. Mar. 21, 2019) ("While at this juncture, a plaintiff need not submit evidence to establish the prima facie case for discrimination, she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." (citation omitted)).

Norsworthy's retaliation claims under the Texas Commission on Human Rights Act, Title VII, and the Age Discrimination in Employment Act are dismissed.

### B. The Age Discrimination Claims Under the Texas Commission on Human Rights Act and Age Discrimination in Employment Act

Norsworthy alleges that she is over 40 and that she was discriminated against on the basis of her age. "To establish a prima facie case of [age] discrimination under the [Texas Commission on Human Rights Act and the Age Discrimination in Employment Act], the plaintiff must establish that 'she (1) was a member of the protected class [forty years of age or older]; (2) was qualified for the position at issue; (3) suffered a final, adverse employment action; and (4) was either (a) replaced by someone [significantly younger] or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class.'" *Ross v. Judson Indep. Sch. Dist.*,

993 F.3d 315, 321–23 (5th Cir. 2021) (citing *Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020)); *Goudeau*, 793 F.3d at 474.

In the court's May 2022 opinion, the court ruled that Norsworthy had not alleged facts that could show that she was qualified for the promotions at issue, or that she specifically applied, or the ages and qualifications of the persons who did receive the promotions. None of the allegations that Norsworthy added cured the previously identified deficiencies.

Norsworthy's age discrimination claims under the Texas Commission on Human Rights Act and the Age Discrimination in Employment Act are dismissed.

### C. The Retaliation Claim Under the Family and Medical Leave Act

The court previously held that Norsworthy's complaint was missing allegations as to how she "participated in the FMLA process of another employee to vindicate her FMLA rights," what or whose "FMLA Rights" she was trying to vindicate, or how she tried to do so. The complaint also failed to allege facts about the FMLA leave that Norsworthy sought for herself, how or by whom it was "counted against her," or what retaliatory or discriminatory action resulted. As a result, she failed to plead allegations showing that she engaged in a protected activity, that the District took materially adverse actions against her, and that a causal link exists between the two. *See Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016); *see also Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019)).

Norsworthy has not sufficiently addressed the court's previous concerns. Norsworthy alleges in her amended complaint that she was "demoted and transferred to a lower rank station a week after inquiring about taking FMLA leave because of her COVID diagnosis," and that she was not properly compensated or promoted because of her need for FMLA leave. (Docket Entry No. 15 at ¶¶ 46–47). But Norsworthy provides no specific allegations or context supporting her

claim that she was "demoted" to the extent that it would constitute a material adverse action. Norsworthy's failure to compensate and promote claims fail for the same reasons that her other retaliation claims did—there is no causal link alleged showing that the persons making the hiring decisions knew about Norsworthy's requests for leave.

Norsworthy's retaliation claim under the Family and Medical Leave Act is dismissed.

### IV.   Conclusion

The District's motion to dismiss, (Docket Entry No. 16), is granted. Because Norsworthy was already permitted leave to amend and failed to cure identified pleading deficiencies in her first amended complaint, further amendment would be futile and the dismissal is with prejudice. Final judgment is separately entered.

SIGNED on August 2, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge