United States District Court
Southern District of Texas
**ENTERED**
October 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY NORSWORTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-821 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Mary Norsworthy moves the court to reconsider its August 2, 2022, memorandum and opinion, (Docket Entry No. 21), granting the Houston Independent School District's motion to dismiss. Norsworthy presents two bases for reconsideration: that the newly discovered evidence presented with her motion would have changed the outcome of the court's judgment, and that the court committed a manifest error of law when it ruled that her allegations did not state a viable claim for age discrimination.

**I.     The Legal Standard for Motions to Reconsider**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). "A motion asking the court to reconsider a prior ruling is evaluated" as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). If the motion is filed after that time, it is analyzed as a motion for relief from a final judgment or order under Rule 60. *Id*. Norsworthy filed her motion within the 28-day window, so it is considered a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted). "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, LLC*, No. 20-cv-20129, 2021 WL 126419, at *3 (5th Cir. Jan. 13, 2021) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717–18 (E.D. La. 2018) (citations omitted).

**II.     Analysis**

In support of her motion, Norsworthy points to "newly discovered evidence that likely change[s] the outcome of the judgment," (Docket Entry No. 23 at 4). She identifies the following items:

1. Lists of new hires in the District from June 21 and September–October 2021. (Docket Entry No. 23-1). The June list provides the ages of the new hires. The September–October list does not provide ages, but Norsworthy claims that "many of them are very much younger than I am." (*Id.* at 3).

2. An email from Norsworthy's supervisor, Lawana Green, requesting that Norsworthy cease emailing Delorian Moore with "unnecessary issues that can

        be handled on the Team Leaders Level." (Docket Entry No. 23-2). Norsworthy asserts that this email demonstrates that Moore had knowledge of Norsworthy's grievances. (Docket Entry No. 23 at 6).

    3.    A Dispute Resolution Form filled out by Norsworthy, complaining of certain co-workers and managers. (Docket Entry No. 23-3).

Norsworthy also argues that the court committed a manifest error of law in not finding that her allegations that she was "the most experienced out of her group" and that "promotions were given to younger counterparts with less or no experience" sufficiently stated a claim under the Fifth Circuit's ruling in *Haskett v. Cont'l Land Res., LLC*, 668 F. App'x 133 (5th Cir. 2016). (Docket Entry No. 23 at 7).

In response, the District argues that the allegedly "new" evidence attached to Norsworthy's motion was in her possession all along, including during the briefing on the motion to dismiss. (Docket Entry No. 24 at 3-4). The District acknowledges that although the grievance document, (Docket Entry No. 23-3), may support Norsworthy's pleading, "[Norsworthy] has not carried her burden to show that consideration of these new facts would probably change the outcome of her lawsuit." (Docket Entry No. 24 at 4–5) (internal quotation marks omitted). The District argues that Norsworthy, who is represented by counsel, is not entitled to the Fifth Circuit's explicit solicitude towards the pro se plaintiff in *Haskett*. (*Id.* at 5–6).

The court agrees with the District that Norsworthy's allegedly newly found evidence is an insufficient basis to grant the motion to reconsider. Norsworthy's lists of new hires contains "note[s]" written in the first person, indicating that they are of her own creation. (Docket Entry No. 23-1). The emails were sent to her own email address. (Docket Entry No. 23-2). And she drafted and submitted the grievance document. (Docket Entry No. 23-3). Norsworthy does not demonstrate why these documents would not have been previously available to her through the exercise of proper diligence; she asserts only that, "as a current employee, it is more difficult, and

3

not encouraged to save work documents [*sic*], which may have made it harder to discover with proper diligence." This is insufficient to show that the documents were not available earlier, or to explain how they became available later.

Norsworthy argues that "it was manifest error of law in the Court's analysis of age discrimination to hold that Plaintiff is required to plead facts that could show that she was qualified for the promotions at issue, or that she specifically applied, or the ages and qualifications of the persons who did receive the promotions." (Docket Entry No. 23 at 5). In support of her argument, she cites only the Fifth Circuit's unpublished decision in *Haskett*. The *Haskett* court reversed the district court's dismissal of the plaintiff's age discrimination claim because:

> Haskett's complaint alleged the following facts that would state a prima facie case of age discrimination: (1) he belonged to a protected class, (2) he applied for employee positions seeking applicants and was actually qualified for the jobs, (3) his applications were rejected, and (4) after rejecting him, defendants . . . hired other applicants who were not in the protected class.

*Haskett*, 668 F. App'x at 134.

Haskett's complaint alleged at length his own qualifications for the "contract landman" positions to which he applied, including relevant certifications and experience. *See* Docket Entry No. 16 ¶¶ 14–16, *Haskett v. Continental Land Res., LLC*, No 14-cv-281 (S.D. Tex.). Haskett alleged that he had applied to specific positions through a website that maintained a bulletin board for employers seeking the services of landmen and landmen seeking employment. *Id.* ¶ 19. Norsworthy alleged only that she sought a "Quality Control" position and other unspecified positions. (Docket Entry No. 15 ¶¶ 18, 23, 26). Norsworthy made the conclusory assertion that "she was qualified for the position[s]" she sought. (*Id.* ¶ 40). In short, Haskett, unlike Norsworthy, alleged that "he applied for employee positions seeking applicants *and was actually qualified for the jobs*." *Haskett*, 668. F. App'x at 134 (emphasis added). Both Texas and federal law require a plaintiff alleging a claim for age discrimination in a defendant's failure to hire or promote her to a

4

position, or to fire her from a position, to allege her qualifications for that position. *See Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (citing *Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020)); *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456 n.4 (5th Cir. 2019) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)). This court's error, if any, was not "a complete disregard of the controlling law." *Williams v. Manitowoc Cranes, LLC,* 898 F.3d 607, 615 (5th Cir. 2018).

**III.     Conclusion**

The motion for reconsideration is denied.

SIGNED on October 4, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge